IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE LEWIS, #335-153,    *
     Plaintiff,
  v.       * CIVIL ACTION NO. RWT-08-2649

KATHLEEN GREEN    *
CAPTAIN WALTER S. HOLMES
B. KING        *
     Defendants.
        ***

## MEMORANDUM OPINION

### Background

Plaintiff, who is confined at the Eastern Correctional Institution ("ECI") in Westover, Maryland, filed this 42 U.S.C. § 1983 civil rights action alleging that on May 27, 2008, he was assaulted by Officer Ennis and Officer King "covered up" the assault.  (Paper No. 1.)  Plaintiff further asserts that while housed in segregation confinement he was subjected to "inhumane living conditions,"[1] harassed, and denied personal legal documents, mental health treatment, school, and therapy programs.  Id.

### Dispositive Filings

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion.  (Paper No. 16.)  Plaintiff has not filed any responsive materials.[2]  The case is ready for consideration.  Oral hearing is not deemed

---

[1] Plaintiff claims that the segregation cells are dirty and vermin infested, and inmates are not provided proper cleaning materials.  (Paper No. 1.)

[2] Pursuant to the dictates of Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), on May 11, 2009, Plaintiff was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action.  (Paper No. 17.)  Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or

necessary.  <u>See</u> Local Rule 105.6. (D. Md. 2008).   For reasons to follow Defendants' summary

judgment motion shall be granted.

## **Standard of Review**

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat

the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

 <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon

the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing

that there is a genuine issue for trial.'" <u>Bouchat v. Baltimore Ravens Football Club, Inc.</u>, 346 F.3d

514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should

"view the evidence in the light most favorable to . . . the non-movant, and draw all inferences in her

favor without weighing the evidence or assessing the witness' credibility." <u>Dennis v. Columbia

Colleton Med. Ctr., Inc.</u>, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide

by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses

---

responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court.  <u>Id</u>.

from proceeding to trial." <u>Bouchat</u>, 346 F.3d at 526 (internal quotation marks omitted) (quoting

<u>Drewitt v. Pratt</u>, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing <u>Celotex Corp. v. Catrett</u>, 477 U.S.

317, 323-24 (1986)).

## <u>Analysis</u>

### A.      **Medical Care**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of

its guarantee against cruel and unusual punishment. <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976).

"Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and

imposed by a criminal judgment." <u>De'Lonta v. Angelone</u>, 330 F. 3d 630, 633 (4th Cir. 2003) (citing

<u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991)). To state an Eighth Amendment claim for denial of

medical care, Plaintiff must demonstrate that the actions of Defendants (or their failure to act)

amounted to deliberate indifference to a serious medical need. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97,

106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the

prisoner was suffering from a serious medical need and that, subjectively, the prison staff  were

aware of the need for medical attention but failed to either provide it or ensure the needed care was

available. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

As noted above, the medical condition at issue must be serious. <u>See</u>  <u>Hudson v. McMillian</u>,

503 U.S. 1, 9 (1992) (no expectation that prisoners will be provided with unqualified access to

health care).   Proof of an objectively serious medical condition, however, does not end the inquiry.

The second component of proof requires "subjective recklessness" in the face of the serious medical

condition. <u>Farmer,</u> 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of

the general risk, and also that the conduct is inappropriate in light of that risk." <u>Rich v. Bruce</u>, 129

F. 3d 336, 340 n.2 (4th Cir. 1997).   "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" Brice v. Virginia Beach Correctional Center, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844).   If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." Farmer, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. See Brown v. Harris, 240 F. 3d 383 (4th Cir. 2001)  (citing Liebe v. Norton, 157 F.3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

Insofar as Plaintiff's injuries arising from the alleged assault, the sole reported injuries were scratches to the neck which required no treatment.  Plaintiff has not shown that his condition was serious or that any of the named Defendants were deliberately indifferent to his medical need.  His claim that he was denied psychological care is vague and without support.  Moreover, the named Defendants, correctional employees, have no direct personal involvement in Plaintiff's medical or psychological care.  See West v. Adkins, 815 F.2d 993 (4th Cir. 1987).

**B.     Harassment**

Verbal abuse of inmates by guards, without more, states no claim of assault. See Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979); Morrison v. Martin, 755 F. Supp. 683, 687 (E.D. N.C. 1990). Plaintiff's claim that unspecified correctional employees harassed him while he was housed on segregation is insufficient to state a constitutional claim. To the extent that Plaintiff is alleging that Defendants' statement somehow placed him in danger, he has not alleged an adequate injury to state

a claim. See Farmer, 511 U.S. at 834 (serious injury required in order to state a failure to protect

claim); see also Siegert v. Gilley, 500 U.S. 226, 234-35 (1991).

## C.     Conditions of Confinement

Plaintiff complains that the conditions of his confinement at ECI were deplorable.  He alleges

his cells were dirty and vermin infested.  (Paper No. 1.)  Conditions which "deprive inmates of the

minimal civilized measure of life's necessities" may amount to cruel and unusual punishment.

Rhodes v. Chapman, 452 U. S. 337, 347 (1981).  However, conditions which are merely restrictive

or even harsh, "are part of the penalty that criminal offenders pay for their offenses against society."

 Id.

> In order to establish the imposition of cruel and unusual punishment,
> a prisoner must prove two elements - that "the deprivation of [a]
> basic human need was *objectively* sufficiently serious," and that
> "*subjectively* the officials acted with a sufficiently culpable state of
> mind."

Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).  Thus, in

an Eighth Amendment claim based on prison conditions, a prisoner must prove that prison officials

acted with "deliberate indifference."   Wilson v. Seiter, 501 U.S. 294, 297(1991) (quotations

omitted).  Specifically, prison officials have to consciously disregard a substantial risk of serious

harm to an inmate's health or safety. See Farmer, 511 U.S. at 837; see also Helling v. McKinney,

509 U.S. 25, 32 (1993). Moreover, "on an Eighth Amendment challenge to prison conditions a

plaintiff must produce evidence of a serious or significant physical or emotional injury resulting

from the challenged conditions." Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993).

Plaintiff has been challenged to come forward with evidence, *i.e.* records and/or declarations,

which proves both components of the Eighth Amendment standard.  He states that while housed in

segregation, he was subjected to dirty cells and shower facilities.  He also alleges that vermin infested the buildings.  The areas where plaintiff was housed are subjected to regular routine cleaning.  (Paper No. 16, Ex. 6.)  Additionally, ECI contracts with Chesapeake Exterminators, Inc. for pest control services.  (Paper No. 16, Ex. 10.)  The contract includes eight monthly treatments which include treatment of all common areas and reported problem areas listed in the contract.  The contract also calls for four quarterly treatments.  Id.  Moreover, the Court observes that other than allegations of discomfort, Plaintiff has not alleged, much less shown,  that he suffered any physical harm from the conditions he describes.  Lastly, Plaintiff has not provided any facts suggesting that the Defendants acted with "deliberate indifference" to his health and safety.  Accordingly, Defendants are entitled to summary judgment as to this claim.

### D.      Segregation

To the extent Plaintiff claims that his assignment to segregation was improper, his claim also fails.  Plaintiff essentially is raising a claim of denial of due process.  Prisoners do not have a constitutional right to be housed in one type of prison housing versus another.  "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."  Meachum v. Fano, 427 U.S. 215, 224 (1976).  Under the Supreme Court's pronouncement in Sandin v. Conner, 515 U.S. 472 (1995), a liberty interest may be created when state action imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" without regard to mandatory language in prison regulations.  See id. at 484.  Thus, the due process inquiry must focus on the nature of the deprivation alleged and not on the language of particular prison regulations.  Id.  Following the reasoning of the Supreme Court in Sandin, a liberty interest is not implicated when prisoners are

placed on administrative segregation.  <u>See</u> <u>Beverati v. Smith</u>, 120 F.3d 500, 502 (4th Cir. 1997);

<u>Reffitt v. Nixon</u>, 917 F. Supp. 409, 413 (E.D. Va. 1996).   It is not "atypical" for inmates to be

placed on administrative segregation for any number of reasons.  <u>See</u> <u>Hewitt v. Helms</u>, 459 U.S. 460,

468 (1983).  Plaintiff has not shown that the conditions of segregation were significantly more

onerous than those of general population.   <u>See</u> <u>Beverati</u>, 120 F.3d at 504 (conditions of

administrative segregation at Maryland Penitentiary); <u>Knox v. Lanham</u>, 895 F. Supp. 750, 758-59

(D. Md. 1995) (administrative segregation at Eastern Correctional Institution).

**E.**     **Excessive Force**

Plaintiff's claim of excessive force likewise fails.  (Paper No. 1.)  Analysis of cruel and

unusual punishment claims "necessitates inquiry as to whether the prison official acted with a

sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or

injury inflicted on the inmate was sufficiently serious (objective component)."  <u>Williams v.</u>

<u>Benjamin</u>, 77 F.3d 756, 760 (4th Cir. 1996).   In order to meet the subjective component of this test

in an excessive force case, a prisoner must show that the force was applied "maliciously and

sadistically to cause harm."  <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992).   In making this

determination, a court must look at the need for the application of force, the relationship between the

need and the amount of force applied, the extent of injury inflicted, the extent of the threat to the

safety of staff and inmates as reasonably perceived by prison officials, and any efforts made to

temper the severity of the response.  <u>See</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 321 (1986).

Insofar as the objective element of an excessive force case is concerned, the prisoner "need

not show that [the] force caused an 'extreme deprivation' or 'serious' or 'significant' pain or injury to

establish a cause of action.  All that is necessary is proof of more than de minimis pain or injury."

<u>Williams</u>, 77 F.3d at 761(citation omitted); <u>see</u> <u>also</u> <u>Norman v. Taylor</u>, 25 F.3d 1259, 1263 (4th Cir.

1994).   There are no medical records which demonstrate that Plaintiff suffered any injury as a result

of being handcuffed from behind.  Plaintiff's own description of the injury suffered does not

demonstrate that it was more than de minimis.  See Riley v. Dorton, 115 F.3d 1159, 1167-68 (4th Cir. 1997) (handcuffing pretrial detainee for six hours, inserting tip of pen in detainee's nose, threatening detainee, and slapping detainee across face, demonstrated no more than de minimis injury).

According to Defendants on May 27, 2008, Officers Timony Norkelun and Michael Ennis conducted a routine cell search of Plaintiff's cell.  During the cell search Norkelun and Ennis discovered a trash bag containing 1.5 to 2 gallons of fermented juices, a fishing line, and pieces of cardboard used to block the windows.  At the conclusion of the cell search Ellis removed Plaintiff from the day room to return him to his cell.  Plaintiff became verbally abusive toward Ellis and attempted to grab the contraband found in his cell which had been placed in the trash.   Ellis removed the contraband from Plaintiff's hand and Plaintiff began to pull away, dragging Ellis toward the cell.  Norkelun assisted Ellis in regaining control of Plaintiff and securing him in his cell. (Paper No. 16, Exs. 4 and 5.)  Plaintiff did not advise anyone of the alleged assault or injuries until May 30, 2008. (Paper No. 16, Exs. 2 and 3.)  Plaintiff was examined by Nurse Patterson on May 30, 2008.  Scratches on Plaintiff's neck were observed.  The scratches were described as "healed." Id.

Thus, even accepting Plaintiff's version of the events as true, the injuries he claims to have suffered are de minimis.   See Riley v. Dorton, 115 F.3d 1159, 1167 ( 4th Cir. 1997) (pain from being tightly handcuffed for six hours, welt on face from slap, and fears for safety were de minimis injuries); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (sore, bruised ear was de minimis injury); Norman v Taylor, 25 F.3d at 1263-64 (sore thumb caused by blow from key ring considered de minimis injury).

Assuming, *arguendo*, that Plaintiff has satisfied the objective component of an excessive force claim, he has failed to bring forth any evidence to satisfy the subjective component.  There is

no material dispute that Plaintiff was being returned to his cell when he became combative, lunged after contraband items and attempted to pull a correctional officer into his cell.   Defendants were entitled to subdue Plaintiff and insure he was placed in his cell.   Each defendant is entitled to summary judgment.

**F.    Access to Courts**

Plaintiff's claim that he was denied access to his legal materials provides no basis for relief. To state a constitutional claim for denial of access to the courts, a prisoner must show that the alleged shortcomings "hindered his efforts to pursue a legal claim." Lewis v. Casey, 518 U.S.343, 351 (1996).

Prisoners are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Bounds v. Smith, 430 U.S. 817, 825 (1977); Hudspeth v. Figgins, 584 F.2d 1347 (4th Cir. 1978).  In Lewis v. Casey, the Supreme Court clarified the Bounds decision by finding that a deprivation of a prisoner's right of access to the courts is actionable, but only where the prisoner is able to demonstrate actual injury from such deprivation. Lewis, 518 U.S. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim.  Id. at 354.  Rather, the Lewis Court concluded that Bounds stood essentially for the proposition that prisoners are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they have the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  Id.   Plaintiff has failed to allege, much less demonstrate, any actual injury as a result of the problem alleged.

**G.    Conspiracy**

To extent Plaintiff claims that a conspiracy existed amongst Defendant, his claim fails.  A conclusory allegation of a conspiracy such as is made in this case is insufficient to state a claim.  See

<u>Boddie v. Schnieder,</u> 105 F.3d 857, 862 (2d Cir. 1997) (unsupported claim of conspiracy to issue false disciplinary reports fails to state claim); <u>Manis v. Sterling</u>, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a meeting of the minds.") (quotation omitted); <u>Langworthy v. Dean</u>, 37 F. Supp.2d 417, 424-25 (D. Md. 1999).

**H.      Education and Therapy Programs**

Plaintiff claims that he was denied educational and therapy programs while housed on segregation.  (Paper No. 1.)  Absent a showing of significant hardship, the portion of Plaintiff's complaint regarding these allegations must be dismissed.  <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976).  <u>See also</u> <u>Sandin v. Conner,</u> 515 U.S. 472, 484 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest); <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348 (1981) (limits on work or education due to overcrowding do not constitute punishment).

<u>Conclusion</u>

For the aforementioned reasons, Defendants' Motion for Summary Judgment shall be granted.   A separate order follows.


Date: September 11, 2009                              _____/s/_____
                                                                            ROGER W. TITUS
                                                                            UNITED STATES DISTRICT JUDGE